—Judgment, Supreme Court, New York County (Laura A. Ward, J.), rendered May 15, 2009, convicting defendant, after a jury trial, of endangering the welfare of an incompetent or physically disabled person, and sentencing him to a term of one year, unanimously affirmed.
Defendant did not preserve his claim that the People limited themselves to proving that penis-to-anus sexual conduct was the manner in which defendant endangered the victim’s welfare, and we decline to review it in the interest of justice. Defendant’s motion for a trial order of dismissal did not make this argument (see People v Gray, 86 NY2d 10, 19 [1995]), and his motion to set aside the verdict had no preservation effect (see People v Padro, 75 NY2d 820 [1990]).
As an alternative holding, we find that the People never limited their theory of the case to any particular type of endangerment (see People v Bess, 107 AD2d 844, 846 [1985]; compare People v Barnes, 50 NY2d 375, 379 n 3 [1980]). We similarly find that the verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Even if the People had been required to prove penis-to-anus contact, the evidence warranted the conclusion that defendant engaged in that behavior.
Concur—Tom, J.P, Acosta, Román, Feinman and Clark, JJ.